**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

JEFF PERRY and SCOTT P. COLE, On Behalf of All
Others Similarly Situated,

Case No.: 10 CIV 7235 (GBD)

Plaintiffs,

vs.

DUOYUAN PRINTING, INC., WENHUA GUO,
XIQING DIAO, BAIYUN SUN, WILLIAM D. SUH,
CHRISTOPHER P. HOLBERT, LIANJUN CAI,
PUNAN XIE, JAMES ZHANG, PIPER JAFFRAY &
CO., AND ROTH CAPITAL PARTNERS, INC.

Defendants.

-------------------------------------------------------------------X

## FRAZER LLP MOTION TO DISMISS
## UNDERWRITERS' CROSS-CLAIMS

**Eaton & Van Winkle LLP**
**3 Park Avenue, 16th FL**
**New York, NY  10016**

Lawrence A. Steckman
Robert H. Rickner

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND ........................................................................................................... 2

ARGUMENT ................................................................................................................. 3

POINT I      THE UNDERWRITERS' CROSS-CLAIMS
MUST HAVE ENOUGH DETAIL TO STATE
A PLAUSIBLE CLAIM FOR RELIEF ........................................................ 3

POINT II    THE UNDERWRITERS' CONTRIBUTION
CLAIM SHOULD BE DISMISSED BECAUSE
IT FAILS TO PROPERLY ALLEGE FRAZER
VIOLATED THE SECURITIES LAWS AND
BECAUSE FRAZER HAS ALREADY BEEN
FOUND NOT LIABLE TO PLAINTIFFS ...................................... 4

     A.    To State a Contribution Claim, the Third-Party
Plaintiff Must Allege that the Third-Party Defendant
is Liable for Plaintiffs' Underlying Claims and the
Underwriters Have Not and Cannot Do So ...................................... 5

     B.    To State a Contribution Claim, the Third-Party
Plaintiff Must Allege that the Third-Party Defendant
is a Joint Tortfeasor ........................................................................ 7

     C.    Once the Underlying Plaintiffs' Claims Against
the Third-Party Defendant are Dismissed,
any Contribution Claims by Third-Party Plaintiffs
Must be Dismissed, As Well ............................................................ 8

     D.    The Underwriters' Section 11 Contribution Claim
Should be Dismissed ....................................................................... 8

          1.    Frazer is Not Alleged to Have Violated
Section 11 or to be a Joint Tortfeasor................................. 8

          2.    Because Plaintiffs' Section 11 Claim
Against Frazer is Dismissed, Frazer Cannot
be Liable to the Underwriters for Section 11
Contribution....................................................................... 9

i

E.      The Underwriters' Section 12 Contribution Claim
        Should be Dismissed ................................................................................ 10

POINT III     THE UNDERWRITERS CANNOT SEEK
              INDEMNITY FOR SECURITIES CLAIMS
              AS A MATTER OF LAW............................................................................ 12

POINT IV      THE UNDERWRITERS' NEGLIGENT
              MISREPRESENTATION CLAIM SHOULD BE
              DISMISSED BECAUSE IT IS TIME-BARRED,
              AND BECAUSE THE UNDERWRITERS FAIL
              TO PLEAD A SINGLE MISREPRESENTATION
              ALLEGEDLY MADE BY FRAZER,
              AS REQUIRED UNDER F.R.C.P. 9(b)......................................................... 14

POINT V       THE UNDERWRITERS' CLAIMS SHOULD BE
              DISMISSED WITH PREJUDICE BECAUSE
              IT WOULD BE FUTILE TO ALLOW THEM
              TO AMEND THEIR COMPLAINT .............................................................. 16

POINT VI      THE UNDERWRITERS' CLAIMS WERE
              IMPROPERLY BROUGHT AS CROSS-CLAIMS
              AND SHOULD BE DISMISSED BECAUSE FRAZER
              IS NOT A CO-PARTY UNDER F.R.C.P. 13(g) ........................................... 17

POINT VII     DISCOVERY AS AGAINST FRAZER
              SHOULD BE STAYED PENDING DECISION
              ON THIS MOTION..................................................................................... 18

CONCLUSION ................................................................................................................. 19

# TABLE OF AUTHORITIES

Page

*Cases*

*Alexander Grant & Company v. McAlister*,
  669 F. Supp. 163 (S.D. Ohio 1987) .................................................................... 6, 7

*Anwar v. Fairfield Greenwich Ltd.*,
  728 F.Supp.2d 372 (S.D.N.Y. 2010) ....................................................................... 14

*Baker, Watts & Co. v. Miles & Stockbridge*,
  690 F.Supp. 431 (D.Md. 1988) ................................................................................ 11

*Baker, Watts & Co.*,
  876 F.2d at 1106 ....................................................................................................... 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 3, 9

*BNP Paribas Mort. Corp. v. Bank of Am.*,
  2013 WL 24521695 (S.D.N.Y. 2013) ...................................................................... 15

*Credit Suisse First Boston, LLC v. Intershop Comm. AG*,
  407 F.Supp.2d 541 (S.D.N.Y. 2006) ....................................................................... 13

*Eichenholtz v. Brennan*,
  52 F.3d 478 (3d Cir. 1995) ....................................................................................... 12

*Fait v. Regions Fin. Corp.*,
  655 F.3d 105 (2nd Cir. 2011) ................................................................................... 10

*First Golden Bancorporation v. Weiszmann*,
  942 F.2d 726 (10th Cir. 1991) ................................................................................. 12

*Friedman v. Arizona World Nurseries Ltd. P'ship*,
  730 F.Supp. 521 (S.D.N.Y. 1990) ........................................................................... 11

*Fromer v. Yogel*,
  50 F. Supp. 2d 277 (S.D.N.Y. 1999) ....................................................................... 6, 8

*Gabriel Capital, L.P. v. Natwest Fin., Inc.*,
  137 F. Supp. 2d 251 (S.D.N.Y. 2000) ...................................................................... 6

*Globus v. Law Research Serv., Inc.*,
  418 F.2d 1276 (2nd Cir. 1969) ................................................................................. 12, 13

*Hydro Inv., Inc. v. Trafalgar Power Inc.*,
  227 F.3d 8 (2nd Cir. 2000) ......................................................................................15

*In Dept. of Econ. Dev. v. Arthur Anderson*,
  747 F.Supp. 922 (S.D.N.Y. 1990) ..............................................................................5

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*,
  381 F. Supp. 2d 192 (S.D.N.Y. 2004) ......................................................................16

*In re CFS-Related Sec. Fraud Litig.*,
  213 F.R.D. 435 (N.D.Ok 2003) ................................................................................18

*In re Cont'l Airlines*,
  203 F.3d 203 (3d Cir. 2000) ....................................................................................12

*In re Crazy Eddie Sec. Litig.*,
  740 F. Supp. 149 (S.D.N.Y. 1990) ..........................................................................13

*In re Del-Val Fin. Corp. Securities Litig.*,
  868 F. Supp. 5473 (S.D.N.Y. 1994) ........................................................................12

*In re Lehman Bros. Sec. and Erisa Litig.*,
  799 F. Supp. 2d 258 (S.D.N.Y. 2011) ......................................................................10

*In re Livent Sec. Lit.*,
  193 F. Supp. 2d 750 (S.D.N.Y. 2002) ......................................................8, 9, 13, 17

*In re Longtop Fin. Tech. Ltd. Sec. Litig.*,
  910 F. Supp. 2d 561 (S.D.N.Y. 2012) ......................................................................10

*In re Norvergence, Inc.*,
  405 B.R. 709 (Bankr. D.N.J. 2009) ............................................................................3

*In re Towner Petroleum Co. Sec. Litig.*,
  1987 WL 6746 (E.D.Pa. 1987) ................................................................................11

*In re U.S. Oil & Gas Litig.*,
  967 F.2d 489 (11th Cir. 1992) ................................................................................12

*King v. Gibbs*,
  876 F.2d 1275 (7th Cir. 1989) ................................................................................12

*Marchig v. Christie's Inc.*,
  430 Fed.Appx. 22 (2nd Cir. 2011) ..........................................................................14

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2nd Cir. 2007) ................................................................................16

*Monisoff v. Am. Eagle Inv., Inc.*,
  955 F.Supp. 40 (S.D.N.Y. 1997) ....................................................................6

*Musick, Peeler & Garrett v. Emp. Ins. Of Wausau*,
  508 U.S. 286 (1993) ...............................................................................7, 11

*Odette v. Shearson, Hammill & Co., Inc.*,
  394 F.Supp. 946 (S.D.N.Y. 1975) ...........................................................11, 12

*Perry v. Duoyuan Printing, Inc.*,
  2013 WL 4505199 (S.D.N.Y. Aug. 23, 2013)..................................... passim

*Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*,
  893 F.2d 1109 (9th Cir. 1990) .................................................................12

*Sami v. Omni Monitoring Servs., Inc.*,
  1991 WL 21232 (S.D.N.Y. 1991) .............................................................11

*Stowell v. Ted S. Finkel Inv. Serv., Inc.*,
  641 F.2d 323 (5th Cir. 1981) .....................................................................6

*Terra Securities ASA Konkursbo v. Citigroup, Inc.*,
  820 F. Supp. 2d 541 (S.D.N.Y. 2011) .........................................................16

*Texas Indus., Inc. v. Radcliff Materials., Inc.*,
  451 U.S. 630 (1981) .................................................................................11

*Wake v. U.S.*,
  89 F.3d 53 (2nd Cir. 1996) .......................................................................17

**Statutes**

12 U.S.C. § 77l (2013)................................................................... passim

15 U.S.C. § 77k (2013)...........................................................................4

15 U.S.C. § 77m (2013)..........................................................................11

15 U.S.C. § 77z-1(b)(1) (2013) ...............................................................18

15 U.S.C. § 78i (2013)............................................................................7

15 U.S.C. § 78r (2013) ...........................................................................7

17 C.F.R. 240.10b-5 .................................................................... passim

F.R.C.P. 12(b)(6) ............................................................................3, 13

F.R.C.P. 13(g) ................................................................................................................17

F.R.C.P. 15(a) ...............................................................................................................16

F.R.C.P. 26 ...................................................................................................................18

F.R.C.P. 9(b) ..........................................................................................................1, 14, 15

## PRELIMINARY STATEMENT

Plaintiffs brought suit against manufacturer Duoyuan Printing ("DYP"), DYP's underwriters Piper Jaffery & Co. and Roth Capital Partners, LLC (the "Underwriters"), and the auditors Frazer LLP ("Frazer"), claiming violations of the securities laws. Plaintiffs' claims against auditor Frazer were dismissed. This court found Frazer had no duty to inspect State Administration for Industry and Commerce ("SAIC") filings in China, and consequently, that Frazer's audit reports were neither false nor misleading under Section 10(b) and Rule 10b-5 promulgated thereunder. The Underwriters thereafter filed cross-claims against Frazer seeking contribution and indemnification, and making separate common-law negligent misrepresentation claims.

The Underwriters' new cross-claims should be dismissed. To be liable for contribution or indemnification, Frazer must also be liable to Plaintiffs, based on their underlying claims, and this court has already found Frazer is not. The Underwriters' negligent misrepresentation claim merely restates their defective contribution and indemnity claims – denying any misstatements were made, but arguing that if any were made, they must be Frazer's fault. This claim is time barred because it accrued more than three years before the Underwriters filed their third-party complaint. And even if it was timely, this claim does not meet the applicable heightened pleading standard under F.R.C.P. 9(b).

The Underwriters cross-claims should be dismissed with prejudice and without leave to replead or refile because all three claims fail as a matter of law. Because the Underwriters' claims were improperly brought as cross-claims after Frazer was dismissed from the case, these defective pleadings cannot now be amended.

## BACKGROUND

Plaintiffs' underlying complaint[1] alleged Frazer violated the securities laws (Sections 11, 12(a)(2), and 10(b) (including Rule 10b-5 promulgated thereunder)) in connection with audit work it performed for DYP, a company manufacturing and selling offset printing equipment, trading on the New York Stock Exchange (C¶18).   Frazer audited DYP financial statements for fiscal years 2007, 2008 and 2009 (C¶31).   Plaintiffs alleged Frazer, contrary to its stated opinion, failed to conduct its DYP audit in accord with the standards of the Public Company Accounting Oversight Board ("PCAOB") and knew or recklessly disregarded DYP's financial statements (incorporated in offering documents) substantially overstated revenue, thus, allegedly misrepresenting that DYP's financial statements appeared to properly represent DYP's financial condition in accord with generally accepted accounting principles ("GAAP") (C¶¶3, 34-37, 94).

On June 4, 2013, this court heard oral arguments, during which plaintiffs abandoned their claims under Section 12(a)(2).   (ECF No. 122.)

On August 22, 2013, the court dismissed plaintiffs' complaint, holding, *inter alia*:

- Frazer's audit reports were not false or misleading under Section 10(b) because audit reports are inherently ones of opinion, and there was no reason to believe that Frazer knew or should have known of any wrongdoing by DYP.

- Frazer had no duty to look at SAIC filings in China.

- Plaintiffs failed to file timely claims against Frazer under Section 11.

*Perry v. Duoyuan Printing, Inc.*, 10-cv-7235 (GBD), 2013 WL 4505199, at *1-9 (S.D.N.Y. Aug. 23, 2013).

---

[1] References to the plaintiffs' Consolidated Complaint for Violations of the Federal Securities Laws are noted as "C¶__." (ECF No. 64.)   References to The Underwriter Defendants'

On September 5, 2013, the Underwriters filed an answer including cross-claims against Frazer. The Underwriters summarize plaintiffs' claims against Frazer (UA¶15), and claim that Frazer is liable to the Underwriters for contribution (UA¶¶75-78), indemnity (UA¶¶79-82), and the common-law tort of negligent misrepresentation (UA¶¶66-74) based on statements and/or representations in two comfort letters dated November 5, 2009 and November 12, 2009 (UA¶¶91-21).

The decision dismissing Frazer was entered on August 22, 2013. Under F.R.A.P. 4(a)(1)(A) a notice of appeal must be filed within 30 days. Plaintiffs have not filed one.

## ARGUMENT

### POINT I

### THE UNDERWRITERS'' CROSS-CLAIMS MUST HAVE ENOUGH DETAIL TO STATE A PLAUSIBLE CLAIM FOR RELIEF

The Underwriters' cross-claims lack the basic level of detail needed to state a claim, setting forth little more than legal conclusions. To survive a motion to dismiss under F.R.C.P. 12(b)(6), a complaint must state facts that, even if accepted as true, must "state a claim to relief that is plausible on its face," i.e., one that contains more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 570 (2007). Cross-claims are not exempt from this requirement. *See In re Norvergence, Inc.*, 405 B.R. 709, 766-67 (Bankr. D.N.J. 2009) (dismissing indemnification and contribution claims for failing to meet the *Twombly* pleading standard). The Underwriters must explain in their complaint what Frazer supposedly did that makes them liable to the Underwriters and this, they have failed to do.

---

Answer to Consolidated Complaint and Cross-Claims are noted as "UA¶___." (ECF No. 141.)

## POINT II

### THE UNDERWRITERS' CONTRIBUTION CLAIM SHOULD BE DISMISSED BECAUSE IT FAILS TO PROPERLY ALLEGE FRAZER VIOLATED THE SECURITIES LAWS AND BECAUSE FRAZER HAS ALREADY BEEN FOUND NOT LIABLE TO PLAINTIFFS

The Underwriters fail to state a claim for contribution because they do not allege that Frazer, acting in jointly with the Underwriters, violating Sections 11 and 12(a)(2) of the Securities Act of 1933, injuring plaintiffs.[2]  15 U.S.C. § 77k (2013) ("Section 11"); 12 U.S.C. § 77l (2013) ("Section 12(a)(2)").  To state a claim for contribution in a securities case, the third-party plaintiff (here, the Underwriters) must (1) allege that the third-party defendant (here, Frazer) violated Section 11 or Section 12(a)(2), injuring the underlying plaintiff, and (2) allege that the third-party plaintiff and the third-party defendant are joint wrongdoers (joint tortfeasors) who together injured the plaintiff.  Moreover, courts have followed these requirements to their logical conclusion and found that when the underlying plaintiffs' claims against the third-party defendant have been dismissed, as claims against Frazer were here, contribution claims are never available because contribution claims are predicated on the third-party defendants' liability for the underlying claims.

---

[2]     The Underwriters' contribution cross-claim fails to specify the statute or rule supposedly entitling them to compensation from Frazer.  The question on this motion is not whether Frazer supposedly harmed the Underwriters, but whether the Underwriters and Frazer, together, harmed plaintiffs.  *See Tucker v. Arthur Anderson & Co.*, 646 F.2d 721, 727-28 (2d. Cir. 1981).  Plaintiffs sustained their claims against the Underwriters under Sections 11 and 12(a)(2), but not Frazer.  *See Perry*, 2013 WL 4505199 at *9-12 (holding plaintiffs adequately pled claims against the Underwriters under Sections 11 and 12(a)(2)).

**A.     To State a Contribution Claim, the Third-Party Plaintiff Must Allege
that the Third-Party Defendant is Liable for Plaintiffs' Underlying
Claims and the Underwriters Have Not and Cannot Do So.**

To state a contribution claim, the third-party plaintiff must allege that the third-party

defendant is liable to plaintiff on its underlying claims.  As the Second Circuit explains:

> [A third-party plaintiffs'] right to obtain contribution does not depend on whether
> [third-party defendant] defrauded [third-party plaintiff].  It depends instead on
> whether [third-party plaintiff] breached a duty to plaintiffs.

*Tucker v. Arthur Anderson & Co.*, 646 F.2d 721, 727-28 (2d. Cir. 1981).  In *In Dept. of Econ. Dev.*

*v. Arthur Anderson*, , the Court further explained the *Tucker* decision:

> Judge Kearse, writing for the panel, agreed with the court below that the third-party
> complaint's contribution claim, strikingly similar to the instant one, stated a valid
> claim for contribution under the securities law.  However, in stating that the
> securities law contribution claim in *Tucker* was proper, Judge Kearse implicitly had
> to have also concluded that an independent securities law violation committed by
> the *Tucker* third-party defendants against the plaintiff was also adequately alleged.
> Therefore, [third-party plaintiff's] claim for contribution under the federal securities
> laws must be based on allegations that the third-party defendants violated securities
> laws, not based on allegations that the third-party defendants defrauded  [third-party
> plaintiff].

747 F.Supp. 922, 932-33 (S.D.N.Y. 1990) (internal citations omitted) (citing *Tucker*, 646 F.2d

at 727).  Following this rule in *Tucker*, District Judge Stewart dismissed the contribution claims

because:

> [Third-party plaintiff] makes no allegation in the third-party complaint that the
> [third-party defendants] violated any federal securities laws nor does [third-party
> plaintiff] argue in its memoranda that a violation of the securities laws has been
> committed by the third-party defendants.

*Id.* at 934.   The United States Court of Appeals, Fifth Circuit adopted the same rule in *Stowell v.*

*Ted S. Finkel Inv. Serv., Inc.*:

> [U]nder the facts alleged by [defendant] it is clear that [plaintiff] was not a joint securities act wrongdoer with [defendant] in [defendant's] alleged violations of the securities laws. It is not even suggested that [plaintiff] violated any securities law.

641 F.2d 323, 325 (5th Cir. 1981).   Contribution claims have been repeatedly dismissed on the

same grounds. *See, e.g., Gabriel Capital, L.P. v. Natwest Fin., Inc.*, 137 F. Supp. 2d 251, 259

(S.D.N.Y. 2000) ("A third-party plaintiff seeking contribution for liability under the federal

securities laws must plead that the third-party defendant itself violated federal securities laws.");

*Fromer v. Yogel*, 50 F. Supp. 2d 277, 234 (S.D.N.Y. 1999) ("What is required, however, is that the

Complaint allege that the parties – the Plaintiff and those Defendants from which contribution is

sought – committed a tort, in this case securities fraud."); *Monisoff v. Am. Eagle Inv., Inc.*, 955

F.Supp. 40, 41 (S.D.N.Y. 1997) ("Although contribution between joint tortfeasors may be

available under the federal securities laws, there can be no claim for contribution where there is no

claim or adequate allegation that the third-party defendant himself violated the federal securities

laws."); *see also Alexander Grant & Company v. McAlister*, 669 F. Supp. 163, 166-67 (S.D. Ohio

1987) ("[I]n order to state a valid claim for contribution under federal securities laws, *Grant* must

allege that it and third-party defendants are joint tortfeasors.").

These cases generally involve contribution claims based on 10b-5 violations, but there is no

reason to treat a Section 11 or Section 12(a)(2) contribution claim differently, and we have located

no cases to the contrary.   17 C.F.R. 240.10b-5 ("10b-5").   10b-5 does not have an explicit

contribution clause, but the Supreme Court of the United States found that contribution is available

because Sections 9 and 18 of the Securities Exchange Act of 1934 have contribution clauses, and

6

"are close in structure, purpose, and intent to the 10b-5 action." *Musick, Peeler & Garrett v. Emp.*

*Ins. Of Wausau*, 508 U.S. 286, 296-97 (1993); 15 U.S.C. § 78i (2013) ("Section 9"); 15 U.S.C. §

78r (2013) ("Section 18").   The contribution language in Sections 9, 11, and 18 is almost exactly

the same.  Section 11 states:

> [E]very person who becomes liable to make any payment under this section may
> recover contribution as in cases of contract from any person who, if sued separately,
> *would have been liable to make the same payment*, unless the person who has
> become liable was, and the other was not, guilty of fraudulent misrepresentation.
> (emphasis added.).[3]

Sections 9 and 18:

> Every person who becomes liable to make any payment under this section may
> recover contribution as in cases of contract from any person who, if joined in the
> original suit, *would have been liable to make the same payment*. (emphasis added.).

Consequently, given that contribution in 10b-5 was derived from the same language

as in Section 11, these 10b-5 cases dismissing contribution claims support dismissal of the

Underwriters' contribution claims.  *See also Alexander Grant*, 669 F. Supp. at 166-67

(examining § 11 contribution language in evaluating 10b-5 contribution claim).

### B.   To State a Contribution Claim, the Third-Party Plaintiff Must Allege that the Third-Party Defendant is a Joint Tortfeasor.

If their claim for contribution is to be sustained, the Underwriters must allege

Frazer is a joint tortfeasor, or joint participant, in Plaintiffs' injury:

> This Court agrees with the majority of courts in this jurisdiction that hold that with
> respect to claims for fraud under the Federal securities laws, contribution among
> joint tortfeasors requires joint participation in the fraud. Thus, in order to
> adequately state a claim for contribution, [third-party plaintiffs] must claim that the

---

[3]    Section 12(a)(2) lacks contribution language, as discussed further in section II.d.,
*infra*

[third-party defendants] knowingly acted jointly with the defendants to injure the plaintiffs, which they failed to do in their third-party complaint.

*Steed Fin. LDC v. Laser Advisers, Inc.*, 258 F. Supp. 2d 272 (S.D.N.Y. 2003) (citations omitted); *see also Fromer*, 50 F. Supp. 2d at 236 ("[t]he majority view appears to be that contribution among joint tortfeasors is limited to 'joint participants' in the fraud alleged by the plaintiff.").

> ### C.   Once the Underlying Plaintiffs' Claims Against the Third-Party Defendant Are Dismissed, any Contribution Claims by Third-Party Plaintiffs Must be Dismissed, As Well.

Once a court dismisses plaintiff's claims against a defendant, contribution claims brought by a co-defendant are unsustainable. As the court explained in *In re Livent Sec. Lit.*:

> Although courts in this circuit have recognized an implied right of contribution in the context of securities fraud, the scope of that right is narrowly tailored to contribution from joint tortfeasors. It would be difficult, in fact almost legally impossible, for [third-party plaintiffs] to assert valid claims for contribution against most of the sixteen parties because the Court has already determined that many of them could not as a matter of law be liable to plaintiffs for securities fraud and because the Court has already dismissed them from the action.

193 F. Supp. 2d 750, 755 (S.D.N.Y. 2002) (citations omitted).

> ### D.   The Underwriters' Section 11 Contribution Claim Should be Dismissed.

> #### 1.   Frazer is Not Alleged to Have Violated Section 11 or to be a Joint Tortfeasor.

The Underwriters' contribution claim should be dismissed. They do not allege Frazer violated Section 11, and they do not allege Frazer and the Underwriters are joint tortfeasors. In fact, they deny that there are any material misstatements in the Registration State and Prospectus. The complaint makes only the conclusory allegation that:

If the Underwriters are ultimately determined to be legally responsible for damages sustained by Plaintiffs, the Underwriters are also entitled, under the Securities Act, to contribution from Frazer in an amount equal and proportionate to the amount of fault attributable to Frazer.

The Underwriters' cross-claim fails to even allege the elements of a contribution claim, let alone pleading with the specificity *Twombly* requires.

### 2. Because Plaintiffs' Section 11 Claim Against Frazer is Dismissed, Frazer Cannot be Liable to the Underwriters For Section 11 Contribution.

Plaintiffs' Section 11 claim against Frazer was dismissed; it cannot now recover contribution from Frazer. *Livent*, 193 F. Supp. 2d at 755. Section 11 states that contribution is available from "any person who, if sued separately, *would have been liable to make the same payment.*" (emphasis added). This is not a hypothetical inquiry in this case because Plaintiffs' Section 11 claim against Frazer has been dismissed with prejudice and Frazer will never be "liable to make the same payment." Moreover, plaintiffs have not filed a notice of appeal, and there time to do so has expired under F.R.A.P. 4(a)(1)(A). This alone is sufficient to dismiss the contribution claims.

Even if Plaintiffs' claims were not barred by the statute of limitations, the Underwriters' Section 11 claims would need to be dismissed against Frazer, and with them, any contribution claim based on violations of that statute. A Section 11 claim is based on a material misrepresentation or omission, and Frazer made neither. As this court explained in dismissing Plaintiffs' 10b-5 claim:

> Plaintiffs only allege that Frazer's attestations in the auditor report to having performed its audit in accordance with PCAOB and GAAP are actionable misrepresentations because their audit was not conducted in accordance with GAAS. Auditor reports of GAAS compliance, however, are inherently ones of opinion.  Consequently, a plaintiff must allege facts that, if true, would permit a conclusion that the auditor either did not in fact hold that opinion or knew that it had no reasonable basis for it.

> Plaintiffs have not offered any facts to allege that Frazer had a subjective belief that its opinions were false. Similarly, they allege no facts to show that Frazer was aware, or should have been aware, of any wrongdoing by DYP at the time Frazer issued the audit report.

*Perry*, 2013 WL 4505199, at *5-8 (citations omitted) (citing *In re Lehman Bros. Sec. and Erisa Litig.*, 799 F. Supp. 2d 258, 302 (S.D.N.Y. 2011) and *In re Longtop Fin. Tech. Ltd. Sec. Litig.*, 910 F. Supp. 2d 561 (S.D.N.Y. 2012); *see also Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2nd Cir. 2011) (dismissing claims based on defective accounting procedures because: "when a plaintiff asserts a claim under Section 11 or 12 based upon a belief or opinion alleged to have been communicated by a defendant, liability lies only to the extent that the statement was both objectively false and disbelieved by the defendant at the time it was expressed.").

In addition, this Court found Frazer had no duty to look at the SAIC filings in China, rejecting plaintiffs' "red flags" arguments. *Perry*, 2013 WL 4505199, at *5-8.

Consequently, the Underwriters' Section 11 claim, even if not time barred, would fail.

**E.    The Underwriters' Section 12 Contribution Claim Should be Dismissed.**

The Underwriters' contribution claims under Section 12(a)(2) should be dismissed for the same reasons the claims under Section 11 should be dismissed, namely the Underwriters do not allege Frazer violated Section 12(a)(2) and that Frazer and the Underwriters were joint tortfeasors.

In addition, the Underwriters cannot plead any set of facts under which Frazer would be

liable for contribution under Section 12(a)(2).  To prove Section 12(a)(2) liability there must be some evidence Frazer sold the securities at issue, held or passed title to the securities, procured sale of the securities, or received some direct economic benefit from sale of the securities; there is none. *See Sami v. Omni Monitoring Servs., Inc.*, 1991 WL 21232, *1 (S.D.N.Y. 1991) (dismissing Section 12(a)(2) claim where defendant accountants neither held nor passed title to the securities to palintiff, nor procurred the sale for their direct economic benefit).; *Friedman v. Arizona World Nurseries Ltd. P'ship*, 730 F.Supp. 521, 542 (S.D.N.Y. 1990).  Plaintiffs, recognizing this weakness, voluntarily dismissed the Section 12(a)(2) claims against Frazer. *See* June 4, 2013 Tr. at 4:14-21.  In addition, the statute of limitations for Section 12(a)(2) is the same as for Section 11, and Plaintiffs' claims were not timely.  *Perry*, 2013 WL 4505199, at *8-9; 15 U.S.C. § 77m (2013).[4]

---

[4]  In addition, Section 12(a)(2) has no explicit contribution language.  There is no general right to contribution under federal law, so courts have been hesitant to recognize new contribution claims when the underlying statute does not explicitly permit them.  *See Musick, Peeler & Garrett v. Emp. Ins. Of Wausau*, 508 U.S. 286, 290 (1993) (noting that there is no "general right to contribution under federal law."); *Texas Indus., Inc. v. Radcliff Materials., Inc.*, 451 U.S. 630, 646 (1981) (declining to create a right of contribution in antitrust cases, recognizing that "this is a matter for Congress, not the courts, to resolve.").  Following this principle, several courts have held that contribution is not available under Section 12(a)(2).  *See, e.g., Baker, Watts & Co. v. Miles & Stockbridge*, 690 F.Supp. 431, 435 (D.Md. 1988); *In re Towner Petroleum Co. Sec. Litig.*, 1987 WL 6746 *6 (E.D.Pa. 1987); *but see Odette v. Shearson, Hammill & Co., Inc.*, 394 F.Supp. 946, 958 (S.D.N.Y. 1975).

## POINT III

## THE UNDERWRITERS CANNOT SEEK INDEMNITY
## FOR SECURITIES CLAIMS AS A MATTER OF LAW

Indemnification is not available to underwriters in securities cases,[5] and even if it was, because Frazer is not liable for plaintiffs' underlying claims, no claim is stated.

Indemnification in securities cases is not generally permitted; courts have repeatedly held that it disrupts the securities laws' regulatory purposes: "Courts do now allow indemnification for securities claims because permitting it would reduce each actor's incentive to perform its statutory duties carefully." *In re Del-Val Fin. Corp. Sec. Litig.*, 868 F. Supp. 547, 553 (S.D.N.Y. 1994) (citing *Globus v. Law Research Serv., Inc.*, 418 F.2d 1276 (2nd Cir. 1969)).

Courts have held that underwriters may not seek indemnity in securities cases. In *Globus*, the court explained that indemnification of underwriters is "particularly suspect" because they could become more lax in their investigations if they could ultimately be indemnified by showing that another party is more liable.[6] *Globus*, 418 F.2d at 1288-89. In *Odette v. Shearson, Hammill*

---

[5]       There is no contract providing for indemnity at issue here; the Underwriter only claims indemnification under federal common-law.

[6]       Many circuits have held indemnification is not permitted in securities cases. *See, e.g., In re Cont'l Airlines*, 203 F.3d 203, 215-16 (3d Cir. 2000) (expressing disfavor for indemnification of securities law violations); *Eichenholtz v. Brennan*, 52 F.3d 478, 483 (3d Cir. 1995) (no express or implied right to indemnification under the federal securities laws); *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 495 (11th Cir. 1992) (same); *First Golden Bancorporation v. Weiszmann*, 942 F.2d 726, 728-29 (10th Cir. 1991) (no indemnity for § 16(b) violation); *Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109, 1116 (9th Cir. 1990) (no indemnification under federal securities laws); *Baker, Watts & Co.*, 876 F.2d at 1106 (no right to indemnification under § 12(2)); *King v. Gibbs*, 876 F.2d 1275, 1280 (7th Cir. 1989) (no implied right to indemnification under § 10(b) or Rule 10b-5).

*& Co., Inc.*, the court expanded on *Globus* holding, dismissing indemnification claims because:

> I believe that the [*Globus*] court's statement of the public policy objections to indemnification of liabilities under the 1933 Act is broad enough to cover negligent misconduct in violation of § 12(2). This is particularly so where, as here, that liability may be imposed on a defendant wholly or in part for misconduct in its capacity as an underwriter.

394 F.Supp. 946, 956-57 (S.D.N.Y. 1975); *see also Credit Suisse First Boston, LLC v. Intershop Comm. AG*, 407 F.Supp.2d 541, 547 (S.D.N.Y. 2006) ("In keeping with *Globus*'s reasoning, indemnification for liability under a negligence standard would equally undermine the role of the underwriter as investigator and public advocate." (citations omitted)).

Indemnity is only allowed when the party seeking it is without fault. *See Globus*, 418 F.2d at 1288. While there has been no finding that the Underwriters are liable to plaintiffs, dismissal of the Underwriters' indemnification claim is still appropriate now. In *Livent*, the court explained why, by logical extension, indemnification claims in securities cases fail as a matter of law under F.R.C.P. 12(b)(6):

> In essence, a defendant in a securities fraud case is faced with two prospects: he may ultimately be found liable for the alleged fraud, in which case there is no liability to indemnify; or he may ultimately be found liable to plaintiffs for securities violations. In either case, indemnification is unwarranted because in the first instance, there is no liability to indemnify and in the second, a finding of liability would necessarily entail a finding of defendant's own reckless or knowing fraud, which would preclude indemnification.

193 F. Supp. 2d at 754-55.

Moreover, even if underwriters were permitted to seek indemnity, which they are not, indemnification claims in securities cases have only been permitted when the other party is "significantly more liable." *In re Crazy Eddie Sec. Litig.*, 740 F. Supp. 149, 151 (S.D.N.Y. 1990). As with the contribution claim, if a third-party defendant is not liable for the plaintiffs' underlying

13

claims, the indemnification claim should be dismissed. *Id.* Therefore, even if the Underwriters could obtain indemnification, they could not get it from Frazer because Frazer is not and will never be liable to plaintiffs.

**POINT IV**

**THE UNDERWRITERS' NEGLIGENT MISREPRESENTATION CLAIM
SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED,
AND BECAUSE THE UNDERWRITERS FAIL TO PLEAD
A SINGLE MISREPRESENTATION ALLEGEDLY MADE
BY FRAZER, AS REQUIRED UNDER F.R.C.P. 9(b)**

The Underwriters' common-law negligent misrepresentation claims are time-barred because they were brought on September 5, 2013, more than three years after the Underwriters received the Frazer comfort letters, in November of 2009. Where a negligent misrepresentation claim is based solely on alleged negligence, not fraud, the claim is subject to a three-year statute of limitations that accrues on the date of the alleged misrepresentation. *See Marchig v. Christie's Inc.*, 430 Fed.Appx. 22, 25 (2nd Cir. 2011) ("Absent allegations of fraud, a claim for negligent misrepresentation accrues at the time of injury and is not subject to any discovery rule); *Anwar v. Fairfield Greenwich Ltd.*, 728 F.Supp.2d 372, 461 (S.D.N.Y. 2010) (negligent misrepresentation claims against an auditor subject to a three-year statute of limitations).

Here, the Underwriters claim, in purely conclusory terms, alleges that Frazer failed to follow proper accounting procedures during their investigation – in short, they claim Frazer was negligent in performing the audit, which caused the comfort letter to contain unspecified inaccurate statements. (UA¶¶69-74). The comfort letters were sent in November of 2009. The Underwriters waited until 2013, almost four years later, to file. Their claim is time-barred.

Even if the claim was timely, however, it should be dismissed because the Underwriters do not identify a single misrepresentation Frazer supposedly made.   In fact, the Underwriters staunchly deny anything in the audit report is false.   Common-law negligent misrepresentation claims must meet the heightened pleading standards under F.R.C.P. 9(b).   *See BNP Paribas Mort. Corp. v. Bank of Am.*, 2013 WL 2452169, \*14-15 (S.D.N.Y. 2013) (cataloging Southern District cases applying 9(b) to negligent misrepresentation claims).   To claim negligent misrepresentation, a plaintiff must allege defendant "made a false representation that he or she should have known was incorrect."   *Hydro Inv., Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20-21 (2nd Cir. 2000).   Thus, to plead a negligent misrepresentation claim, the plaintiff must at least   identify a specific statement by the negligent misrepresentation defendant that is false.   The only statements that the Underwriters identify as false appear in UA¶69:

> Frazer issued a Report of Independent Registered Public Accounting Firm dated September 13, 2007 ("Report") indicating Frazer had audited DYP's subsidiaries' consolidated balance sheets as of June 30, 2007 and 2006.   In this report, Frazer stated that it "conducted [its] audits in accordance with the standards of the Public Company Accounting Oversight Board (United States).   Those standards require that [Frazer] plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement."   Frazer went to state in the Report that "[i]n [its] opinion, the consolidated financial statements referred to above present fairly, in all material respects, the financial position of [DYP] and subsidiaries ... in conformity with account principles generally accepted in the United States of America." [Sic]

Then, in UA¶72, the Underwriters back off even that claim, stating they "deny[] that there were material misstatements in the finacial statements that DYP included in the Registration Statement and Prospectus."   But the Registration Statement and Prospectus include Frazer's audit. (UA¶15.e).   The Underwriters, therefore, simultaneously claim that Frazer made false statements and deny those statements were false. In the remainder of UA¶72, the Underwriters' double-speak

is shown to be no more than another attempt to plead contribution and indemnification: "to the extent Plaintiffs establish material misstatements in those financial statements, or that Frazer otherwise made misrepresentations to the Underwriters in the due diligence process, any such misstatements arose from Frazer's negligently conducted audit and failure to adequately investigate DYP's financial statements."   These alleged misstatements -- and this alleged negligence -- only reiterates plaintiffs' claims, which are already dismissed.   *Perry*, 2013 WL 4505199, at *8-9.

POINT V

### THE UNDERWRITERS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT WOULD BE FUTILE TO ALLOW THEM TO AMEND THEIR COMPLAINT

It would be futile to allow the Underwriters to try to amend their cross-complaint, and this court should now dismiss their claims with prejudice.   Under F.R.C.P. 15(a), "it is within the sound discretion of the district court to grant or deny leave to amend."   *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2nd Cir. 2007) (upholding the district court's order denying leave to amend); *Terra Securities ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 541, 548 (S.D.N.Y. 2011) (repleading would be futile given the court's prior determinations); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 381 F. Supp. 2d 192, 248 (S.D.N.Y. 2004) ("This does not mean, however, that every securities fraud claim is entitled to repleading.   For example, where a claim is dismissed as a matter of law because it fails to state a claim, repleading would be futile" (citation omitted)).   The Underwriters claims fail as a matter of law.   Permitting repleading would force Frazer to unnecessarily spend even more time and money asking this court to dismiss the complaint again, on the same grounds.

**POINT VI**

**THE UNDERWRITERS' CLAIMS WERE IMPROPERLY
BROUGHT AS CROSS-CLAIMS AND SHOULD BE DISMISSED
<u>BECAUSE FRAZER IS NOT A CO-PARTY UNDER F.R.C.P. 13(g)</u>**

The Underwriters' claims for contribution, indemnity, and negligent misrepresentation are improperly brought as cross-claims, and, as such, cannot be amended. Under F.R.C.P. 13(g), cross-claims may only be brought against a "co-party." In *Wake v. U.S.*, the court, interpreting F.R.C.P. 13(g), stated that the lower court was correct to deny leave to amend:

> Since all claims against the federal defendants had been dismissed at the time [defendant] filed its motion, they were no longer parties and [defendant] therefore could not assert a cross-claim against them.

89 F.3d 53, 62-63 (2nd Cir. 1996); *see also Livent*, 193 F. Supp. 2d at 754.

Here, Frazer was dismissed before the Underwriters served their answer and cross-claims, so Frazer was not a co-party under Rule 13(g), and the cross-claims should be dismissed. Further, these claims cannot be amended, so to the extent the Underwriters are allowed to bring any of these claims, it would have to be in a separate third-party action – but as demonstrated above, any effort to do so would be futile. Dismissal would follow as a matter of law.

17

## POINT VII

### DISCOVERY AS AGAINST FRAZER SHOULD BE
### STAYED PENDING DECISION ON THIS MOTION

Frazer should not be required to engage in discovery, and its attended expense, while this

motion to dismiss is pending.   Typically, in a securities action, discovery is stayed pending a

motion to dismiss:

> In any private action arising under this subchapter, all discovery and other
> proceedings shall be stayed during the pendency of any motion to dismiss, unless
> the court finds, upon the motion of any party, that particularized discovery is
> necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 77z-1(b)(1) (2013).  A motion to dismiss a third-party complaint seeking contribution

triggers this discovery stay.  *In re CFS-Related Sec. Fraud Litig.*, 213 F.R.D. 435, 444 (N.D.Ok

2003). Thus, Frazer asks that discovery against it is stayed either under this statute or under this

court's broad authority to regulate discovery under F.R.C.P. 26, so that Frazer can avoid the

expense of discovery while this motion is pending.

18

## CONCLUSION

For the foregoing reasons, the Complaint against Frazer should be dismissed.


Dated: New York, New York
       October 10, 2013



                         Respectfully Submitted,

                         EATON & VAN WINKLE LLP


                         By: _____
                         Lawrence A. Steckman (LAS-8020)
                         Robert H. Rickner

                         Attorneys for Defendant
                         FRAZER, LLP
                         3 Park Avenue, 16th Floor
                         New York, New York, 10016
                         (646) 821-9367

19