UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JEFF PERRY and SCOTT P. COLE, On Behalf of : 
All Others Similarly Situated, : Civil Action No. 10 CIV 7235 (GBD)
:
Plaintiffs, : ECF CASE
:
vs. :
:
DUOYUAN PRINTING, INC., WENHUA GUO, :
XIQING DIAO, BAIYUN SUN, WILLIAM D. :
SUH, CHRISTOPHER P. HOLBERT, LIANJUN :
CAI, PUNAN XIE, JAMES ZHANG, PIPER :
JAFFRAY & CO., AND ROTH CAPITAL :
PARTNERS, INC. :
:
Defendants.

------------------------------------------------------------x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED: NOV 27 2013**

## [████████] ORDER AWARDING LEAD COUNSEL'S AND LEAD PLAINTIFFS' ADDITIONAL COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO LEAD PLAINTIFFS

WHEREAS, the Court has granted final approval to the Settlement of the above-referenced class action;

WHEREAS, Lead Counsel, the Rosen Law Firm, P.A. and Pomerantz Grossman Hufford Dahlstrom & Gross LLP, appointed by the Court as Co-Lead Counsel, with the assistance of additional counsel Glancy Binkow & Goldberg LLP, for the purposes of the Settlement and have petitioned the Court for the award of attorneys' fees in compensation for the services provided to Lead Plaintiffs and the Class along with reimbursement of expenses incurred in connection with the prosecution of this action, and a nominal award to each of Lead Plaintiffs, to be paid out of the Settlement Fund established pursuant to the Settlement;

WHEREAS, capitalized terms used herein having the meanings defined in the Stipulation and Agreement of Settlement filed with the Court one August 2, 2013 ("Settlement Stipulation"); and

WHEREAS, the Court has reviewed the fee application and the supporting materials filed therewith, and has heard the presentation made by Lead Counsel during the final approval hearing on the 13th day of November, 2013, and due consideration having been had thereon.

NOW, THEREFORE, it is hereby ordered:

1. The Rosen Law Firm P.A., Pomerantz Grossman Hufford Dahlstrom & Gross LL, and Glancy Binkow & Goldberg LLP are awarded one third of the Settlement Fund as attorneys' fees in this action, together with a proportionate share of the interest earned on the fund, at the same rate as earned by the balance of the fund, from the date of the establishment of the fund to the date of payment.

2. Lead Counsel shall be reimbursed out of the Settlement Fund in the amount of $78,104.45 for its expenses and costs.

3. Lead Plaintiffs shall be awarded $1,500 each ($4,500 in total) for an incentive fee award and reimbursement for their lost time in connection with his prosecution of this action.

4. Except as otherwise provided herein, the attorneys' fees, reimbursement of expenses, and award to Lead Plaintiffs shall be paid in the manner and procedure provided for in the Settlement Stipulation.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $4,300,000 in cash, plus interest to be earned thereon; and Class members who file timely and valid claims will benefit from the Settlement created by Lead Counsel;

(b) 12,726 copies of the Notice were disseminated to putative class members indicating that at the November 13, 2013 hearing, Lead Counsel intended to seek a fee of up to one third of the Settlement Fund in attorneys' fees, reimbursement of their litigation expenses in an amount not to exceed $175,000, and an award to Lead Plaintiffs not to exceed $4,500.

(c) the Publication Notice was published electronically on *Globenewswire* and printed in the *Investor's Business Daily* as required by the Court;

(d) Class Members have filed 1,182 proofs of claim to participate in the Settlement Fund;

(e) Lead Counsel have conducted this litigation and achieved the Settlement;

(f) the litigation of this action involved complex factual and legal issues and was actively prosecuted since its filing on and in the absence of a Settlement, this action would have continued to involve complex factual and legal questions;

(g) if Lead Counsel had not achieved the Settlement, there was a risk of either a smaller or no recovery;

(h) Lead Counsel and Lead Plaintiffs' additional counsel have devoted 2,215.95 hours of professional time, with a lodestar value of $1,289,662.75 to achieve the Settlement, which amounts to a 1.11 lodestar multiplier, and

(i) the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund and the awards to Lead Plaintiffs are consistent with the awards in similar cases.

Dated: NOV 27, 2013

SO ORDERED:

*George B. Daniels*

Hon. George B. Daniels
UNITED STATES DISTRICT JUDGE