

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JEFF PERRY and SCOTT P. COLE, On Behalf of
All Others Similarly Situated,

    Plaintiffs,

vs.

DUOYUAN PRINTING, INC., WENHUA GUO,
XIQING DIAO, BAIYUN SUN, WILLIAM D.
SUH, CHRISTOPHER P. HOLBERT, LIANJUN
CAI, PUNAN XIE, JAMES ZHANG, PIPER
JAFFRAY & CO., AND ROTH CAPITAL
PARTNERS, INC.

    Defendants.
-----------------------------------------------------------------x

Civil Action No. 10 CIV 7235 (GBD)

ECF CASE

## ▬▬▬▬▬ ORDER AND FINAL JUDGMENT

On the 13th day of November, 2013, a Settlement Hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement filed with the Court on August 2, 2012 (the "Settlement Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiffs Joseph E. Sciarro, Scott P. Cole, Richard Pearson on behalf of themselves and all persons who purchased or otherwise acquired any common stock of Duoyuan Printing, Inc. ("DYP") during the period from November 6, 2009 through and including March 28, 2011 (collectively, the "Class," as further defined herein) against Defendants DYP, Wenhua Guo, Xiquing Diao, Christopher P. Holbert, Lianjun Cai, Punan Xie, William D. Suh (collectively, "Settling Defendants") and Baiyun Sun and James Zhang; (2) whether judgment should be entered dismissing the operative Consolidated Complaint dated February 16, 2012, on the merits and with prejudice, in favor of the Settling Defendants and Baiyun Sun and James Zhang and as against all persons or entities

1

who are members of the Class and who have not requested exclusion therefrom; (3) whether to approve the proposed Plan of Allocation (described in the Notice of Pendency and Proposed Settlement of Class Action) as a fair and reasonable method to allocate the settlement proceeds among members of the Class; and (4) whether and in what amount to award fees and reimbursement of expenses to Lead Counsel and Lead Plaintiffs' additional counsel, and awards to Lead Plaintiffs;

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that a notice of the Settlement Hearing substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") was mailed to all persons and entities reasonably identifiable who purchased DYP common stock that is the subject of the Litigation, during the Class Period, except those persons and entities excluded from the definition of the Class; and

It appearing that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiffs, all Class Members, and the Settling Defendants.

2. All capitalized terms used herein shall have the same meanings as set forth and defined in the Settlement Stipulation, unless otherwise defined herein.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are

questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Class; (e) questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

    4.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the following action as a class action: all persons who: (1) purchased or otherwise acquired the common stock of DYP pursuant and/or traceable to DYP's initial public offering of stock on November 6, 2009; or (2) purchased or otherwise acquired DYP common stock from November 6, 2009 through March 28, 2011, both dates inclusive. The "Class" includes the Class Members collectively, as well as each Class Member acting individually. Excluded from the Class are the Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of DYP, and the affiliates, legal representatives, heirs, predecessors, successors and assigns of any such excluded party. Also excluded from the Class are all the persons and entities listed on Exhibit 1 attached hereto, each of whom excluded themselves by filing a timely, valid request for exclusion in accordance with the Preliminary Approval Order.

    5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs are certified as the class representatives and the Lead Plaintiffs' Counsel previously selected by Lead Plaintiffs and appointed by the Court are hereby appointed as Lead Counsel for the Class.

    6.    The Settlement Stipulation is approved as fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiffs and the Settling Defendants are directed to

consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

7. The Litigation as against the Settling Defendants, Baiyun Sun and James Zhang is hereby dismissed with prejudice and without costs.

8. Lead Plaintiffs and the Class Members hereby release and forever discharge the Released Parties from any and all Released Claims.

9. Lead Plaintiffs and the Class Members are hereby permanently barred and enjoined from prosecuting the Settled Claims against the Released Parties.

10. Settling Defendants, Baiyun Sun and James Zhang, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, release and forever discharge Lead Plaintiffs, Class Members, and all Plaintiffs' counsel in the Litigation, including Lead Counsel and Glancy Binkow & Goldberg LLP, from any and all claims, known or unknown, arising out of or relating to their filing, prosecution or settlement of the Litigation, except for claims to enforce the Settlement. Settling Defendants, Baiyun Sun, and James Zhang are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any such known or unknown Claims arising out of or relating to their filing, prosecution or settlement of the Litigation, except for claims to enforce the Settlement, against Lead Plaintiffs, Class Members or any Plaintiffs' Counsel, including Lead Counsel and Glancy Binkow & Goldberg LLP.

11. Upon the Effective Date, all claims for contractual contribution, or other contribution or indemnification, except claims for any contractual right for advancement and

reimbursement for costs and fees incurred in defending the Litigation, by other alleged joint tortfeasors, including the Non-Released Defendants, or their Related Parties, against any of the Released Parties based upon, arising out of, relating to, or in connection with the Released Claims of the Class or any Class Member are thereby barred, extinguished, discharged, satisfied and otherwise rendered unenforceable to the full extent permitted by law, and the future filing of any such claims enjoined.  Upon the Effective Date, all claims for contractual contribution, or other contribution or indemnification, except claims for any contractual right for advancement and reimbursement for costs and fees incurred in defending the Litigation, by the Released Parties against any of the other alleged joint tortfeasors, including the Non-Released Defendants, or their Related Parties based upon, arising out of, relating to, or in connection with the Released Claims of the Class or any Class Member are thereby barred, extinguished, discharged, satisfied and otherwise rendered unenforceable to the full extent permitted by law, and the future filing of any such claims enjoined.  To the extent required by law, the Non-Released Defendants shall be entitled to a judgment credit in an amount that is the Settlement Amount or the proportionate share of the Settling Defendants' fault as proven at trial.

12. The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Neither this Order and Final Judgment, the Settlement Stipulation, nor any of the negotiations, documents, or proceedings connected with them shall be:

(a) referred or used against the Released Parties or against the Lead Plaintiffs or the Class as evidence of wrongdoing by anyone;

(b) construed against the Released Parties, the Lead Plaintiffs, or the Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

5

(c) construed as, or received in evidence as, an admission, concession, or presumption against the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

14. Exclusive jurisdiction is hereby retained over the Settling Parties, Baiyun Sun, and James Zhang, and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, and award to Lead Plaintiffs.

18. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the settlement proceeds among members of the Class.

19. The Court hereby finds that the notice given to the Class provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. A full opportunity has

been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment except those persons set forth on Exhibit 1 to this Order and Final Judgment.

20. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Settlement Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated, and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the Settling Parties shall be returned to their respective positions immediately before the execution of the Stipulation.

Dated: NOV 27 2013

*George B. Daniels*
Hon. George B. Daniels
UNITED STATES DISTRICT JUDGE