UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JEFF PERRY and SCOTT P. COLE, On Behalf of    :
All Others Similarly Situated,                :  Civil Action No. 10 CIV 7235 (GBD)
                                              :
       Plaintiffs,                            :  ECF CASE
                                              :
vs.                                           :
                                              :
DUOYUAN PRINTING, INC., WENHUA GUO,           :
XIQING DIAO, BAIYUN SUN, WILLIAM D.           :
SUH, CHRISTOPHER P. HOLBERT, LIANJUN          :
CAI, PUNAN XIE, JAMES ZHANG, PIPER            :
JAFFRAY & CO., AND ROTH CAPITAL               :
PARTNERS, INC.                                :
                                              :
       Defendants.
------------------------------------------------------------------x

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the 16th day of June, 2015, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 30, 2014 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by Lead Plaintiffs and the Class against Piper Jaffray & Co and Roth Capital Partners, Inc. ("Settling Defendants"); (2) whether judgment should be entered dismissing the claims in the Complaint as to Settling Defendants, on the merits and with prejudice, in favor of the Settling Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the proposed Plan of Allocation (described in the Notice of Pendency and Proposed Settlement of Class Action) as a fair and reasonable method to allocate the settlement proceeds among members of the Class; and (4) whether and in what amount to award fees and reimbursement of expenses to Lead Counsel and awards to Lead Plaintiffs;

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that a notice of the Settlement Hearing substantially in the form approved by the Court in the Preliminary Order was mailed to all persons and entities reasonably identifiable who purchased DYP common stock that is the subject of the Litigation, during the Class Period, except those persons and entities excluded from the definition of the Class; and

It appearing that a summary notice of the hearing substantially in the form approved by the Court in the Preliminary Order was published in accordance with the Preliminary Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiffs, all Class Members, and the Settling Defendants.

2. All capitalized terms used herein shall have the same meanings as set forth and defined in the Settlement Stipulation unless otherwise defined herein.

3. The Court finds that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes only, in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.	Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the following action as a class action on behalf of all those who: (1) purchased or otherwise acquired the common stock of DYP pursuant and/or traceable to DYP's Registration Statement and Prospectus issued in connection with DYP's initial public offering of stock on November 6, 2009; or (2) purchased or otherwise acquired DYP common stock from November 6, 2009 to March 28, 2011, both dates inclusive. Excluded from the Class are the Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of DYP, and the affiliates, legal representatives, heirs, predecessors, successors and assigns of any such excluded party. Also excluded from the Class are (1) all of the Selling Shareholders listed and defined as such in the above-referenced Registration Statement with respect to any of the shares beneficially owned and acquired prior to the November 6, 2009 IPO; and (2) the persons and entities listed on Exhibit A, attached hereto, each of whom excluded themselves by filing a timely, valid request for exclusion in accordance with the Preliminary Approval Order.

5.	Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs are certified as class representatives and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as Lead Counsel for the Class.

6.	The Settlement Stipulation, which is incorporated and made a part of this Order and Final Judgment, is approved as fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiffs and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions the Settlement Stipulation.

7. The claims made in the Litigation as to Settling Defendants are hereby dismissed with prejudice and without costs.

8. Lead Plaintiffs and each of the Class Members (including but not limited to any Class Member who is a party to any other action, arbitration or other proceeding who is asserting claims related to the Released Claims against any of the Settling Defendants that are pending on the day of Final Approval) on behalf of themselves, their heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, successors, attorneys, insurers and assigns, and any person they represent, hereby release and forever discharge, and shall be deemed to have released, dismissed and forever discharged, the Released Claims against each and all of the Settling Defendants, their affiliates, representatives, agents, officers and directors, successors, attorneys, insurers and assigns with prejudice and on the merits, without costs to any party.  Lead Plaintiffs and all Class Members, whether or not any such person submits a Proof of Claim, or otherwise shares in the Settlement Fund, on behalf of themselves and each of their predecessors, successors, assigns, personal representatives, heirs and any other person who purports to claim through them, are hereby deemed by this Settlement to have released and forever discharged the Settling Defendants, their affiliates, representatives, agents, officers and directors, successors, attorneys, insurers and assigns, from any and all of the Released Claims.  Lead Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Settling Defendants, their affiliates, representatives, agents, officers and directors, successors, attorneys, insurers or assigns, any of the Released Claims.  The Class Members identified in Exhibit B, who are parties to other

actions, arbitrations or other proceedings and are asserting claims related to the Released Claims against one or more of the Settling Defendants (Parallel Related Claims), shall have their claims extinguished as described in this section to the same extent as other Class Members.

No Class Member who has a Parallel Related Claim, and who served legal notice of those claims upon the Settling Defendants on or prior to the date to timely submit a Request for Exclusion, shall have those claims released, discharged and extinguished pursuant to this section unless the Settling Defendants notified the Claims Administrator and Lead Counsel of such Class Member's Parallel Related Claim as required by the Settlement Stipulation.

9. Settling Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, are hereby deemed by this Settlement to have released and forever discharged Lead Plaintiffs, Class Members, and all Plaintiffs' counsel in the Litigation from any and all claims, known or unknown, arising out of or relating to their filing, prosecution or settlement of the Litigation, except for claims to enforce the Settlement.  Except to enforce the Settlement, Settling Defendants are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding against Lead Plaintiffs, Class Members or any of Plaintiffs' Counsel in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any and all claims, known or unknown, arising out of or relating to their filing, prosecution or settlement of the Litigation.

10. Lead Plaintiffs and the Class Members are hereby permanently barred and enjoined from prosecuting the Released Claims against the Settling Defendants, their affiliates, representatives, agents, officers and directors, successors, attorneys, insurers and assigns.

11. The Settling Defendants are discharged or released from all claims for contractual contribution or other contribution or indemnification, except claims for any contractual right for advancement and reimbursement for costs and fees incurred in defending the Litigation, that have been or may be brought by or on behalf of any Persons, including alleged joint tortfeasors, or their related parties, relating to the Settlement of the Released Claims or based upon, arising out of, relating to or in connection with the Released Claims of the Class or of any Class Member.  As of the Effective Date, any and all Persons, including alleged joint tortfeasors or their related parties, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or proceeding asserting such claim for contribution or indemnification against the Settling Defendants.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Neither this Order and Final Judgment, the Settlement Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) referred or used against the Settling Defendants or against the Class as evidence of wrongdoing by anyone;

(b) construed against the Settling Defendants or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial, or that certification of

any class is appropriate, or that any of their defenses or claims are without merit; or

(c) construed as, or received in evidence as, an admission, concession or presumption against the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

14. Exclusive jurisdiction is hereby retained over the Settling Parties and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses and/or for awards to Lead Plaintiffs.

18. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the settlement proceeds among members of the Class.

19. The Court hereby finds that the notice provided to the Class provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of

these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment except those persons set forth on Exhibit A.

20. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Settlement Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in ¶¶ 6-10, 34, 35, 36, 39, 40 and 51-54 in the Settlement Stipulation), and the parties shall be returned to their respective positions immediately before the execution of the Settlement Stipulation.

Dated:_____, 2015

_____
Hon. George B. Daniels
UNITED STATES DISTRICT JUDGE